UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GEEN DIVISION
CRIMINAL ACTION NO. 1:20-CR-00014-GNS-1

UNITED STATES OF AMERICA  PLAINTIFF

v.

DECARLO M. COX  DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Objection (DN 83) to the Magistrate Judge's Findings of Facts, Conclusions of Law, and Recommendation ("R. & R.") (DN 81) regarding Defendant's Motion to Suppress (DN 69). The matter is now ripe for adjudication. For the reasons that follow, the Magistrate Judge's R. & R. is **ADOPTED**, the objection is **OVERRULED**, and the motion (DN 69) is **DENIED**.

**I.  BACKGROUND**

On February 1, 2020, Kentucky State Police ("KSP") Trooper Jeremy Duvall arrested Defendant DeCarlo Cox ("Cox") pursuant to a valid warrant. (Compl. 1, DN 1). According to the criminal complaint, as part of a search incident to this arrest, Cox was found to be in possession to approximately 10 grams of marijuana and a handgun. (Compl. 1). On July 14, 2020, Defendant DeCarlo Cox ("Cox") was charged with possession of a firearm by a prohibited person and was subsequently indicted for the same offense under 18 U.S.C. §§ 922(g)(1), 922(a)(2), and 924(e)(1). (Indictment, DN 13).

Cox moved to suppress the firearm discovered on his person as a result of this search. (DN 69). An evidentiary hearing was held by Magistrate Judge Brennenstuhl on October 27, 2021 in Bowling Green, Kentucky. (Suppression Hr'g Tr., DN 77). Cox appeared *pro se*. (Suppression

1

Hr'g Tr. 2:18-21).  The United States was represented by Assistant United States Attorney Seth A. Hancock.  (Suppression Hr'g Tr. 2:10-11).  The United States called as witnesses United States Drug Enforcement Agency Agent Greg Bunch ("Agent Bunch") and Kentucky State Police Troopers Lincoln Lawless ("Trooper Lawless") and Richard C. Ellis ("Trooper Ellis"). (Suppression Hr'g Tr. 5, 18, 34).  Cox declined to testify as a witness and called Elizabeth Browning as a defense witness.  (Suppression Hr'g Tr. 42:8-43:21, 44:5-7).

Following the suppression hearing, the Magistrate Judge issued the R. & R. in which it was recommended that Cox's Motion to Suppress (DN 69) be denied.  (R. & R. 9, DN 81).  Cox has objected to the R. & R.  (Def.'s Obj. R. & R. 1-5, DN 83).

## II. STANDARD OF REVIEW

When ruling on an objection to a magistrate judge's report and recommendation of disposition on a defendant's motion to suppress evidence, the Court conducts a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(A), (B); *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2004).

## II. DISCUSSION

In objecting to the R. & R., Cox raises five main arguments:  (1) there was no proof an of illegal agreement in the phone calls presented in the suppression hearing; (2) the Magistrate Judge erred in determining that the officers had been shown a photo of Cox; (3) a proper identification of Cox was not made and therefore there was no probable cause; (4) Cox had been targeted by police under *United States v. Hudson*, 405 F.3d 425 (6th Cir. 2005); and (5) the Magistrate Judge erred in determining the officers has not acted pursuant to a "subjective hunch."  (Def.'s Obj. R. & R. 1-5, DN 83).  None of these objections, however, are successful in light of the fact that Cox was arrested pursuant to a valid warrant.  (Def.'s Suppl. Br. 7, DN 80); *see United States v. Baker*, 976 F.3d 636, 643 (6th Cir. 2020).

The Fourth Amendment of the United States Constitution guarantees that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "[T]he ultimate touchstone of the Fourth Amendment is reasonableness . . . ." *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006) (internal quotation marks omitted) (citations omitted). "[R]easonableness generally requires the obtaining of a judicial warrant." *Vernonia Sch. Dist. 47J v. Acton*, 515 U.S. 646, 653 (1995) (citation omitted). "The need for a warrant triggers the Fourth Amendment's 'Warrant Clause,' which also requires 'probable cause.'" *United States v. Baker*, 976 F.3d 636, 642 (6th Cir. 2020) (citation omitted). "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specially established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967).

"The purpose of a warrant is to allow a neutral judicial officer to assess whether the police have probable cause to make an arrest or conduct a search." *Steagald v. United States*, 451 U.S. 204, 211 (1981). Therefore, if probable cause exists for a warrant, "an officer may arrest the suspect without personally learning the facts establishing probable cause." *Baker*, 976 F.3d at 643 (citation omitted). In other words, the Fourth Amendment does not "impose an independent duty on the officer making the arrest to ensure that probable cause exist[s] for the already-issued warrant[.]" *Id.*

Cox's first objection to the R. & R. is that none of the phone calls presented at the suppression hearing confirmed that there was an agreement to sell drugs and that instead the phone

3

calls only indicated that there was a "possibility" of an illegal agreement. (Def.'s Obj. R. & R. 1-2). Cox references the following testimony on cross-examination by Agent Bunch:

> Q: So there was possibly something going to happen, according to you experience?
> A: Yes.

(Suppression Hr'g Tr. 13:10-12).

Whether the phone calls indicated a drug transaction would occur is immaterial. Cox himself admits that the purpose of the stop was not because Cox was suspected of criminal activity at the time of the stop, but instead "[t]he sole purpose of seizing the pedestrian [Cox] on Feb. 10, 2020 was to attempt to execute an active arrest warrant that was known prior to the stop." (Def.'s Suppl. Br. 7). As the Magistrate Judge correctly noted in the R. & R., however, "no suspicion of criminal activity was necessary for law enforcement officers to stop and seize him outside the bar." (R. & R. 6). This is because probable cause was already present via the valid warrant for Cox's arrest. Once there is a valid warrant for an individual's arrest, the Fourth Amendment does not impose an independent duty on the officer making the arrest to either decide that probable cause existed for the already-existing warrant or that there be independent probable cause at the time of arrest. *Baker*, 976 F.3d at 643. Therefore, once the valid warrant was issued, Cox could be arrested at any time, regardless of whether he was actively participating in criminal activity at the moment of arrest, pursuant to the valid warrant. *Id.*

Second, Cox argues that the Magistrate Judge erred in determining that the arresting officers were provided a photograph of Cox as part of their briefing. (Def.'s Obj. R. & R. 2). In making this finding of fact, the Magistrate Judge points to the following testimony by Trooper Ellis:

> A: I believe I viewed a photograph of Mr. Cox either on my MDT, which is the computer in my car, through his driver's license or a picture given to me by one

4

>   member of the drug task force. I can't remember.  But Trooper Lawless did observe Mr. Cox standing outside of a sports bar in Bowling Green, and Trooper Lawless effected the arrest with myself and Officer Duvall.
>   Q:     Okay.  So you had observed a picture prior to your approaching Mr. Cox?
>   A:     Yes.

(Suppression Hr'g Tr. 35:6-15).

As well as the following testimony from Trooper Lawless:

>   Q:     What information, if any, did you have about the suspect in this investigation prior to engaging in this surveillance activity?
>   A:     Yeah.  We were provided a name.  I'm pretty sure they gave us a picture and just all the information regarding to the subject that they were watching at the Overtime bar here in Bowling Green.
>   Q:     All right.  And that's Mr. Cox, this Defendant?
>   A:     That's correct.
>   Q:     Okay.  Any knowledge in regards to arrest warrants, that sort of thing?
>   A:     Yes.  After identifying subject, we were aware that he had an arrest warrant, an active warrant.

(Suppression Hr'g Tr. 20:5-17).

Findings of fact by the Magistrate Judge are reviewed under a "clearly erroneous or contrary to law" standard of review.  *Curtis*, 237 F.3d at 602.  A finding is clearly erroneous when "although there is evidence to support it, the reviewing court is . . . left with the definite and firm conviction that a mistake [h]as been committed."  *Daniel v. DTE Energy*, No. 11-13141, 2012 WL 3731749, at *1 (E.D. Mich. Aug. 29, 2012) (citation omitted).  Considering that both officers believed they were shown a photo of Cox and both officers were confident that they did see a photo of Cox before the arrest, the Court is not left with a "definite and firm conviction" that a mistake has been made.  *Id.*  On the contrary, the testimony from both officers reflected that they likely were shown a photo, and Cox has presented no evidence to the contrary.

Third, Cox argues that the officers had not made an adequate identification of Cox for the probable cause created by the earlier evidence to "come into effect." (Def.'s Obj. R. & R. 2).  The Court, however, agrees with the Magistrate Judge that it is abundantly clear in this case that the

officers had probable cause to believe that the individual they arrested was Cox. (R. & R. 8). "[S]ufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment . . . ." *Hill v. California*, 401 U.S. 797, 803 (1971). Cox was arrested by officers who knew he had a valid arrest warrant, had seen his photo, had a physical description, and were acting pursuant to information from surveillance officers who had identified Cox as the suspect. (Suppression Hr'g Tr. 19-21, 34-35). Certainly, all of this identifying information is enough to satisfy the reasonableness requirement under the Fourth Amendment, and therefore the officers had probable cause to arrest the individual pursuant to the warrant for Cox.

Fourth, Cox contends that under *United States v. Hudson*, the evidence from the stop should be suppressed because Cox was targeted. (Def.'s Obj. R. & R. 3). In *Hudson*, the Sixth Circuit held that a tip that an individual wanted on a search warrant may be the passenger in a car was not sufficient to create probable cause to effect a traffic stop. *Hudson*, 405 F.3d at 432-43. In the R. & R., the Magistrate Judge concluded that *Hudson* was inapplicable because it is abundantly clear that the officers in this case had probable cause to believe the individual they encountered was Cox. (R. & R. 8). Cox objects to this conclusion for two reasons: (1) Cox contends that *Hudson* has been applied to many Sixth Circuit cases like this one to address the legality of a stop; and (2) that the Magistrate Judge erred in determining that the officers acted on more than a "subjective hunch" in seizing the individual they believed to be Cox. (Def.'s Obj. R. & R. 3-4). Neither of these objections withstand scrutiny.

Cox cites to *United States v. Williams*, 615 F.3d 657 (2010), and *United States v. Gross*, 662 F.3d 393 (2011), to support his contention that under *Hudson* he was targeted, however both of these cases deal with a warrant as an intervening circumstance and are therefore inapplicable to this case. In *Gross*, the court found that the initial stop was unlawful when the officer approached

6

Gross as he was sitting in his car and the officer had no "particularized and objective basis for suspecting Gross of criminal activity at the time of the stop." *Gross*, 662 F.3d at 400. Likewise, in *Williams*, the court found that the initial seizure was unconstitutional when the only foundation for the officer's reasonable suspicion was that Williams was standing near a property that individuals often trespassed. *Williams*, 615 F.3d at 667. These cases are distinct from Cox's in which he was stopped by officers who knew there was a valid warrant for his arrest, had seen his photo, had a physical description, and were acting pursuant to information from surveillance officers who had identified Cox as the suspect. (Suppression Hr'g Tr. 19-21, 34-35). While in these other cases the arrest warrant was only potentially an intervening cause that would prevent the exclusionary rule from applying in light of an unconstitutional stop, in this case it has been established that the warrant was the purpose of the stop and therefore *Williams* and *Gross* do not apply to this case. *Williams*, 615 F.3d at 667; *Gross*, 662 F.3d at 401.

      Cox's argument that the Magistrate Judge erred in determining that the law enforcement officers did not act on a "subjective hunch" when stopping Cox is invalid for the same reasons. (Def.'s Obj. 4). The officers who arrested Cox knew he had a valid arrest warrant, had seen his photo, had a physical description, and were acting pursuant to information from surveillance officers. (Suppression Hr'g Tr. 19:13-21:25, 34:22-35:17). All of this information indicates that the officers were acting on more than a "subjective hunch" when they approached the individual they believed to be Cox. (Def.'s Obj. R. & R. 4). Furthermore, the unconstitutional stops in *Williams* and *Gross*, in which the officers acted without any particularized and objective suspicion, can be contrasted with the plethora of identifying information the officers had in this case to demonstrate why reasonable suspicion to stop Cox was clearly present.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Objection (DN 83) is **OVERRULED**, and the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 81) is **ADOPTED** as and for the opinion of the Court.

2. Defendant's Motion to Suppress (DN 69) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

January 14, 2022

cc: counsel of record
Defendant, *pro se*